IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VANCE L. DAY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:05-CV-0935-L |
| | § | |
| JO ANNE B. BARNHART, | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

This is a social security case. Plaintiff Vance L. Day ("Plaintiff" or "Day") filed this action seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner"), who denied his application for disability benefits under Title II of the Social Security Act. Pursuant to 28 U.S.C. § 636(b), and an order of the court in implementation thereof, the case was referred to United States Magistrate Judge Wm. F. Sanderson, Jr., for review and submission of proposed findings of fact and recommendation for disposition. On August 30, 2006, the magistrate judge filed his Findings, Conclusions and Recommendations (the "Report"), in which he recommended that the court affirm the Commissioner's decision and dismiss Plaintiff's Complaint. Plaintiff filed timely objections to the Report.

After an independent review of the pleadings, file, record, applicable law, the magistrate judge's findings and conclusions, and consideration of Plaintiff's Objections, the court determines that, as set forth fully below, the magistrate judge's finding that remand is not warranted is incorrect,

**Memorandum Opinion and Order- Page 1**

and hereby **rejected**.  Accordingly, the court **remands** this case to the Commissioner for further proceedings consistent with this order.

I.      **Factual and Procedural Background**

Plaintiff seeks judicial review of a final decision by the Commissioner denying his claim for disability benefits under Title II of the Social Security Act.  On February 5, 2003, Day filed an application for Social Security disability benefits, alleging disability due to emphysema since January 7, 2003.  On February 18, 2004, Administrate Law Judge William H. Helsper (the "ALJ") held a hearing on Day's application.  He issued an unfavorable decision on March 11, 2004.  Day filed a timely request for review of this decision.  The Appeals Council denied his request on March 4, 2005.  The ALJ's decision, therefore, became the final decision of the Commissioner.  Plaintiff filed this action on May 9, 2005, pursuant to 42 U.S.C. § 405(g), contending that the Commissioner's determination that he was not entitled to disability benefits was not supported by substantial evidence on the entire record.

II.     **Analysis**

  A.    **Legal Standard**

Judicial review in a social security case is limited to a determination of whether the ALJ's decision to deny benefits is: (1) supported by substantial evidence and (2) whether the proper legal standard was applied.  *Austin v. Shalala*, 994 F.2d 1170, 1147 (5th Cir. 1993).  Substantial evidence is defined as relevant evidence that a reasonable mind would accept as sufficient to support a conclusion.  *Greenspan v. Shalala,* 38 F.3d 232, 236 (5th Cir. 1994), *cert. denied*, 514 U.S. 1120 (1995) (citing *Richardson v. Perales,* 402 U.S. 389, 401 (1977)).  It is more then a scintilla, but less than a preponderance.  *Perales*, 402 U.S. at 401; *Haywood v. Sullivan,* 888 F.2d 1463, 1466 (5th Cir.

1989). The district court may not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The court must scrutinize the record, however, to ascertain whether substantial evidence supports the Commissioner's findings. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). A finding of no substantial evidence is appropriate only when there is no medical evidence or credible evidentiary choices in the record to support the Commissioner's decision. *Johnson*, 864 F.2d at 343-44; *Gutierrez v. Barnhart*, 2005 WL 1994289 at *7 (5th Cir. Aug. 19, 2005). If the findings are supported by substantial evidence, "they are conclusive and must be affirmed." 42 U.S.C. § 405(g).

A disabled worker is entitled to monthly benefits under the Social Security Act if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of twelve months. *Id.* § 423(d)(1)(A); *Cook v. Heckler,* 750 F.2d 391, 393 (5th Cir. 1985).

The Commissioner has promulgated a five-step sequential process to be used by hearing officers in disability cases. *See* 20 C.F.R. § 404.1520(b)-(f); *Wren v. Sullivan,* 925 F.2d 123, 125 (5th Cir. 1991). The hearing officer is required to ascertain: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant has an impairment that "meets or equals a listed impairment in Appendix 1" of the regulations; (4) if the claimant has a "severe impairment" under the regulations, whether the claimant can perform his past work despite any limitations; and (5) if the claimant does not have the residual functional capacity to perform past work, whether the claimant can perform any other gainful and substantial work in the economy, considering his age, education, work experience, and

residual functional capacity. 20 C.F.R. § 404.1520. In the first four steps of the evaluation process, the claimant bears the burden of proving disability. *Bowen v. Yuckert,* 482 U.S. 137, 146 (1987). The burden then shifts to the Commissioner at the fifth step to show that the claimant is capable of performing work in the national economy. *Id.* If the Commissioner meets this burden, the claimant must then prove that he cannot in fact perform the work suggested. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

### B. The ALJ's Decision

Neither the ALJ nor the magistrate judge specifically referred in their findings to the five-step sequence required by 20 CFR § 303.1520, and accordingly, the court has had some difficulty in determining what steps are at issue in this appeal. Reading the ALJ's decision, the court determines that in finding Day not disabled, the ALJ ruled at step two of the sequential evaluation that Day suffered from severe impairments, including chronic obstructive pulmonary disease (COPD), obesity, and hypertension. Tr. 22. At step three of the sequential evaluation, the ALJ ruled that Day suffered from no impairment or combination of impairments that meets or equals a Listing in Appendix 1. *Id.* At step four, the ALJ ruled that Day's impairments do not prevent him from performing his past relevant work. *Id.* Accordingly, the ALJ concluded that Day was not disabled and therefore not entitled to disability insurance benefits. *Id.* at 22-23. At the hearing, Day, his wife, Debra Day, and vocational expert Shelly Eike testified. *Id.* at 18. Day was not represented by an attorney, but by a lay advocate. *Id.*

## C. The Magistrate Judge's Report

Day made two arguments disputing the ALJ's argument before the magistrate judge: (1) the ALJ erred at step three because Day's COPD satisfies the criteria of Listing 3.02A; and (2) the ALJ's finding that Day is not subject to additional work limitations because he uses a nebulizer is not supported by substantial evidence. The magistrate judge rejected both of these arguments and recommended affirming the Commissioner's decision and dismissing Day's case.

First, the magistrate judge found that substantial evidence exists to support the ALJ's determination that Day's COPD did not meet or equal a Listing. Listing 3.02A, relating to "Chronic obstructive pulmonary disease," sets out the criteria for COPD; for Day, a $FEV_1$ of 1.65 or less is required. 20 CFR § 404, Subpart P, App. 1 § 3.02A, Table 1. The evidence before the ALJ demonstrated that on March 31, 2003, Day had a $FEV_1$ value of 1.81. Tr. 132. Day argues that another pulmonary function test on August 3, 2004 yielded a $FEV_1$ value of 1.27. Tr. 154. This evidence was not before the ALJ, but was made part of the record by the Appeals Council. Tr. 7. The magistrate judge concluded that although the evidence of a second $FEV_1$ value was not before the ALJ, remand was unnecessary because the second test still fails to comply with Listing 3.00 for valid pulmonary function testing. Report 13.

The magistrate judge also noted that Day argued in the alternative that the combined effects of his obesity-related symptoms meet or equal a Listing. The magistrate judge considered the evidence before the ALJ, including the fact that Day was counseled by physicians to quit smoking and increase exercising, and concluded that "the ALJ's adverse credibility determination and his determination that the combination of Mr. Day's impairments do not meet or medically equal a listing are supported by substantial evidence." *Id.* at 15.

**Memorandum Opinion and Order- Page 5**

The magistrate judge found that the ALJ did not err in his finding that Day retained the capacity to perform a full range of sedentary activity. *Id*. Day testified that he could sit for "a couple of hours," "could occasionally lift up to 40 pounds, could walk 50 yards before stopping to catch his breath and used a nebulizer four times a day." *Id*. at 16. The magistrate judge found that the ALJ was correct in his finding that "Plaintiff's reported use of the nebulizer was overstated." *Id*.

Second, the magistrate judge found that the ALJ did not misinterpret the evidence regarding Day's use of a nebulizer. *Id*. at 17. Day objects to the ALJ's conclusion that Day was "not subject to additional limitations," despite recognizing that Day used a nebulizer three to four times a day for thirty minutes each time. *Id*. The magistrate judge concluded that the ALJ was not inconsistent and that the ALJ never found that Day needed to use the nebulizer three to four times during the workday. *Id*. The magistrate judge concluded that Day's testimony "suggest[ed] that use of a nebulizer during working hours was not a necessity." *Id*.

### D.     Plaintiff's Objection

Day has objected to the Report on the second issue, whether the ALJ was correct in his conclusion that Day can perform sustained work despite his need to use a nebulizer three to four times a day. Day argues that the medical evidence establishes that he uses the nebulizer three to four times a day, that the ALJ had a heightened duty to develop the evidence as to when Day uses the nebulizer, and that he was prejudiced by the ALJ's failure to develop the evidence on this issue. The Commissioner did not respond to Plaintiff's objections.

**Memorandum Opinion and Order- Page 6**

Day argues that the ALJ's decision cannot be sustained because his conclusions are inconsistent with testimony by the vocational expert at the hearing. Specifically, Day contends that there is not substantial evidence to support the ALJ's conclusion:

> [T]he [vocational] expert testified that such non-exertional limitations as the inability to sit for extended periods and using a breathing machine three times per workday would [][*] exclude performance of the job, but I have expressly found that claimant is not subject to additional limitations and his post-onset functional capacity is not further reduced.

Tr. 21.

The magistrate judge found that Day began using a nebulizer in November 2002 and that the prescribed use was three times a day. Report 16, n.9; Tr. 123, 149. The magistrate judge also noted that "[t]he medical record and Plaintiff's own testimony do not disclose when during a 24 hour period he had to use the nebulizer, and therefore failed to show that its use would interfere with the performance of work during a normal work day." Report 16, n.9. Day argues that the magistrate judge is correct insofar as the record does not reflect when Day used the nebulizer; Day objects to the magistrate's conclusion that Day failed to show that the use of the nebulizer interfered with work performance and argues that the ALJ had a duty to develop the record on this point.

As the Supreme Court has noted, "Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 110-111 (2000) (citing *Richardson v. Perales*, 402 U.S. 389, 400-401 (1971)). "This duty requires a scrupulous examination of the

---

[*] The ALJ's decision reads "would not exclude," but the court notes that Day argued in his brief that the inclusion of the word "not" was a drafting error. Pl.'s Brief 14, n.1. This reading of the ALJ's decision is consistent with the Report, and the court agrees that the inclusion of the word "not" was likely a drafting error by the ALJ.

**Memorandum Opinion and Order- Page 7**

claimant in regard to his injury, daily routine, pain, and physical limitations." *Gullett v. Chater*, 973 F. Supp. 614, 622 (E.D. Tex. 1997) (citing *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996)). As the Fifth Circuit Court of Appeals has held, "[i]f the ALJ does not satisfy his duty, his decision is not substantially justified. Reversal of his decision, however, is appropriate only if the applicant shows that he was prejudiced." *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995) (citations omitted). The ALJ's duty is heightened where a claimant is not represented by an attorney. *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984). Accordingly, the court must determine whether the ALJ satisfied his duty and if he did not, whether Day suffered any prejudice.

As the court noted, Day was not represented by an attorney at his ALJ hearing, but was represented by a lay advocate. Tr. 18. Therefore, the ALJ had a heightened duty to develop the record. "This duty requires the ALJ to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Kane*, 731 F.2d at 1219-1220 (internal citation and quotation omitted).

Day presented documentary evidence that he had been prescribed a nebulizer. Tr. 123, 149. Day also testified regarding his nebulizer use. The excerpt below shows Day's questioning by the ALJ:

> Q: What kind of breathing problems are you having, Mr. Day?
> A: Just emphysema, just have real shortness of breath. I can't hardly breathe when –
> Q: Are you under the care of any doctors for this?
> A: Dr. — yes. Dr. [Simonak].
> Q: What's he doing for you?
> A: Has me on a nebulizer machine and inhalers.
> Q: You have some sort of breathing machine at home?
> A: Yes, sir.
> Q: How often do you have to use it?
> A: I use it on an average of four times a day.
> Q: For how long?

**Memorandum Opinion and Order- Page 8**

> A:   About – these treatments about 30 minutes.

*Id.* at 167. When Day's lay advocate attempted to question Day further, the ALJ did not allow it:

> Q:   And you're also on that breathing treatment during the day. How often do you use that?
> ALJ:   He's already answered that, Counsel. Four times, half an hour each. Let's not go over the same territory, please.

*Id.* at 171.

The ALJ's failure to develop the record by allowing additional questioning about Day's nebulizer use is apparent in light of the testimony by the vocational expert and the conclusions of the ALJ. The ALJ posed hypothetical questions to the vocational expert, including whether an individual who used a breathing machine would be able to hold a job:

> Q:   Okay. Let's say somebody that's – has a breathing disorder that can't sit for more than two hours, can't walk for more than an hour and has to be around an electrical outlet to use a breathing machine. How many – what kind of – what types of job would he be able to do?
> A:   Are you referring to sitting two hours out of eight?
> Q:   Two hours out of eight.
> A:   Walking one hour out of eight?
> Q:   Walking one hour out of eight.
> A:   Such an individual based on those two limitations would not be able to hold a job at a competitive level.

*Id.* at 177.

Despite the lack of testimony from Day regarding when he used the nebulizer or whether he would need to use the nebulizer at work, the ALJ concluded that he was "not subject to additional limitations" such as the need to use a breathing machine as described in the hypothetical posed to the vocational expert. The magistrate judge found that the ALJ was not required to assume that Day used the nebulizer during the workday.

The court concludes that the ALJ failed to meet his burden to develop the record with regard to Day's use of the nebulizer. Given the vocational expert's testimony regarding the breathing machine hypothetical, the ALJ should have either asked additional questions to determine if Day was subject to the limitations in the hypothetical, or at least allowed Day's lay advocate to ask additional questions regarding his nebulizer use.

Accordingly, the court must consider whether the lack of a record with regard to Day's nebulizer caused him prejudice. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557, n.22. *See also Kane*, 731 F.2d at 1220 ("[T]he claimant must, in addition, show that she was prejudiced as a result of scanty hearing. She must show that, had the ALJ done his duty, she could and would have adduced evidence that *might* have altered the result.") (emphasis added); *Gullett*, 973 F. Supp. at 621.

The Commissioner cites *Glass v. Shalala*, 43 F.3d 1392, 1396 (10th Cir. 1994), for the proposition that the ALJ need not be the claimant's advocate; however, in that case, the court noted that the claimant "spoke extensively on the nature of her impairments and their impact on her physical abilities." *Id*. The court distinguishes Day's case, because Day was not allowed to testify fully regarding his use of the nebulizer and because Day could have provided additional testimony regarding his use of the nebulizer during working hours. *See* Pl.'s Obj. 9. The lack of testimony by Day combined with the hypothetical question to the vocational expert convinces the court that additional information about Day's use of the nebulizer might have changed the ALJ's decision. Moreover, *Glass* is not binding on this court, as it is a Tenth Circuit case. Accordingly, the court

**Memorandum Opinion and Order- Page 10**

**sustains** Plaintiff's objection that the ALJ's finding that Day could perform sustained work was unsupported by substantial evidence.

## III.  Conclusion

For these reasons, the court **sustains** Plaintiff's objection to the magistrate judge's finding that remand is not warranted in this case.  Day has shown that the ALJ failed in his duty to develop the record with regard to Day's use of a nebulizer.  Accordingly, the court **rejects** the magistrate judge's conclusion that remand is not warranted, **reverses** the final decision of the Commissioner denying disability benefits, and **remands** this case to the Commissioner for further proceedings consistent with this order, including without limitation additional questioning regarding whether Day is subject to the limitations in the vocational expert's hypothetical based upon his use of a nebulizer.

**It is so ordered** this 30th day of May, 2007.

_____
Sam A. Lindsay
United States District Judge